NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-295

COMMONWEALTH

vs.

ROBERTO LOPEZ-ORTIZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from his conviction of felony-murder in the second degree and from an order denying his renewed motion for a new trial.[1] In a separate published decision issued today, we address the defendant's claim concerning the peremptory strike of juror no. 3 by the Commonwealth, and, by a divided vote, affirm his conviction. In this memorandum and order we address his other claims, with respect to all of which we are unanimous. The facts of the case are addressed in both the majority and dissenting opinions in our published decision, and we will not repeat them here.

---

[1] The defendant makes no separate arguments concerning his renewed motion for a new trial.

1. Sufficiency. The defendant argues that the evidence was insufficient to support a conclusion beyond a reasonable doubt that the death occurred during the commission of the underlying felony.

The defendant was found not guilty of armed home invasion, and of armed assault with intent to rob. He was found guilty of the lesser included offense of assault with intent to rob. (This conviction was dismissed as duplicative of his felony-murder in the second degree conviction.) The Commonwealth contends that in assessing this claim, we must view the evidence in the light most favorable to the Commonwealth, regardless of the various verdicts reached by the jurors. The defendant counters that we must view the evidence in the light most favorable to the verdict, so that, for example, despite the evidence that the defendant was armed, we must take the jury's decision to acquit him of armed assault with intent to rob, in favor of the lesser included offense of unarmed assault with intent to rob, along with his acquittal of armed home invasion, to mean that the jury found that he was not armed.

We need not resolve the issue because, even assuming the defendant's own testimony is true regarding the events surrounding the murder, under that testimony the defendant was, at the time of the killing, outside the building but was not yet in the car. The jury were not required to believe his testimony

2

that he had attempted to stop the crime once he realized a member of his group was armed, nor that he had stopped being a participant.  Without concluding anything at variance with their verdict, the jury could have found that the defendant was attempting to escape the scene of the crime when the shooting occurred, and this was sufficient for the jury to convict him.  See Commonwealth v. Hanright, 466 Mass. 303, 308-309 (2013).

2.  Jury reinstruction.  The defendant contends that the judge's response to a jury question during deliberation was erroneous, and that such error could have led to his conviction on unlawful grounds.

The jury submitted a question to the judge, asking, "There are four co-venturer's [sic] in an assault with an intent to rob, three exit the building, one remains in the building where the felony took place.  Are the subsequent acts by the co-venturer automatically part of the under-lying [sic] felony, i.e., is the under-lying [sic] felony still going on?"  Defense counsel requested that the judge instruct the jury that "subsequent acts of the co-venturers are not automatically part of the under-lying [sic] felony."  The judge declined, instead repeating essentially the instruction on withdrawal that she had previously given and adding the sentence, "This is a fact question for you the jury to resolve based on the evidence presented at the trial and my instructions to you considered as

3

a whole."[2]  The defendant argues that reversal of his conviction

is required, as the judge's reinstruction did not explain to the

jury that finding the defendant "automatically" guilty under the

circumstances described would be impermissible.

The judge's instruction was a correct statement of the law.

We see no abuse of discretion or other error of law in the

supplemental instruction.

3.  Voir dire question.  Finally, defense counsel sought to

question jurors about who they voted for in the 2016

presidential election, arguing that Donald Trump's campaign used

racist rhetoric -- in particular, calling people of Hispanic

origin criminals -- so the jurors' voting history was relevant

to discovering bias.  The judge declined to allow that line of

questioning, saying it would be inappropriate.  The defendant

now argues that the judge's decision was erroneous.  Given both

the secrecy of the ballot, see, e.g., proposed but unenacted

Fed. R. Evid. 507, 3 Weinstein's Federal Evidence § 507.01 (2d

ed. 2024) ("Every person has a privilege to refuse to disclose

---

[2] The judge said:  "To prove felony murder in the 1st or 2nd degree the Commonwealth must prove beyond a reasonable doubt that the act that caused Christiano Diaz-Arias' death occurred during the commission of the under-lying [sic] felony at substantially the same place and time.  A killing may be found to occur during the commission of the felony if the killing occurred as part of the defendant's effort to escape responsibility for the felony.  This is a fact question for you the jury to resolve based on the evidence presented at the trial and my instructions to you considered as a whole."

the tenor of his vote at a political election conducted by secret ballot unless the vote was cast illegally"), and the fact that tens of millions of people for a wide range of reasons vote for each candidate in a presidential election, we see no abuse of discretion or other error of law in not allowing the defendant, at voir dire, to use voting for Donald Trump for President in 2016 as a proxy for racism against Latinos.

4. Application of Brown. Finally, the defendant argues that he is entitled to the benefit of the common law rule announced in Commonwealth v. Brown, 477 Mass 805, 825 (2017) (Gants, C.J.). The Supreme Judicial Court, in Brown, made its substantive change in the law prospective only. Id. 834. It stated that the rule would not apply to cases like this one where trial was held before the date of the Supreme Judicial Court decision. Id.

As described in our published decision, the judgment and order denying the renewed motion for a new trial are affirmed.

So ordered.

By the Court (Rubin, Englander & D'Angelo, JJ.[3]),

Clerk

Entered: February 12, 2025.

_____

[3] The panelists are listed in order of seniority.

5